# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>SHERRY ANN MCGANN,<br><br>Debtor. | Bankruptcy Case No. 25-17604 TBM<br>Chapter 11 |

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED PURSUANT TO 11 U.S.C. § 109(h)**

THIS MATTER comes before the Court on review of the file.

## Background

The Debtor, *pro se*, filed a voluntary petition for relief under Chapter 11, subchapter V of the Bankruptcy Code[1] on November 19, 2025. On Part 5, Question 15 of the petition, the Debtor checked the box stating: "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of competition." Debtors who check this box are instructed by the petition to attach to the petition a copy of the certificate they receive after completing the credit counseling course. The Debtor did not, however, attach a copy of the certificate of completion as instructed . Instead, she filed an addendum (Docket No. 1 at 10, the "Addendum") to the petition.

In the first paragraph of the Addendum, the Debtor "claim[s] exemption from the credit counseling requirement under Section 109(h), and in light of extraordinary and exigent circumstances." Thereafter, the Debtor sets forth various reasons why she should be exempted from the requirement of Section 109(h)(1).

In particular, the Debtor asserts:

> I suffer from documented Post-Traumatic Stress Disorder (PTSD), physical disabilities, and related medical conditions that have been exacerbated by prolonged litigation. These impairments have affected my ability to participate in repetitive, burdensome tasks that serve no practical purpose. My condition has been formally disclosed to the court in multiple prior filings, including Bankr. Case No.20-18118 at Dkt. No. 365, and accommodations have been previously requested in related matters.

The Debtor also asserts that she should be exempted from the credit counseling requirement because she has suffered "prolonged bankruptcy" abuse in a prior and pending bankruptcy case, *In re McGann*, Bankr. Case No. 20-18118 TBM (the "Chapter 7 Case"), and

---

[1] All references to the "Bankruptcy Code" are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. Unless otherwise indicated, all references to "Section" are to sections of the Bankruptcy Code.

related matters; because she completed the credit counseling requirement in connection with the Chapter 7 Case and another bankruptcy case, and because "while [she has] the technical ability to access credit counseling online or by phone," requiring her to complete the course for a third time would be unnecessary and abusive and would require her to incur additional costs. The Court construes the Addendum as a motion to determine that she is eligible to be a debtor under Section 109(h)(1) notwithstanding her acknowledged failure to take the credit counseling course within 180 day before filing the petition initiating this bankruptcy case.

### Requirements of Section 109(h)

Under Section 109(h)(1), "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing." Section 109(h)(4) provides a narrow exception to the eligibility requirement of Section 109(h)(1), however. It states:

> (4)The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

In enacting Section 109(h)(4), Congress did not empower the Court to exempt any debtor from the credit counseling requirement on the basis of "exigent circumstances" or because the debtor took the course years prior or because the compliance is costly. So, the Court denies the Debtor's request to determine that she is eligible to be a debtor for such reasons. However, in order to determine whether the Debtor is eligible to be a debtor, the Court is required to determine whether, during the 180-day prior to the petition date, the Debtor's disability or incapacity rendered her unable, after reasonable effort, to participate in a credit counseling briefing. In this case, the Debtor claims only disability, not incapacity.

However, in an abundance of caution, and in order to give the Debtor notice and opportunity to be heard on the issue of whether she suffers a "disability" within the meaning of Section 109(h)(4) that would render her eligible to be a debtor in bankruptcy, the Court hereby

ORDERS that the Debtor shall show cause, in writing, on or before **November 26, 2025,** why this case should not be dismissed pursuant to 11 U.S.C. § 109(h) on grounds of ineligibility. The Debtor should provide evidence, including documentation or affidavits, about the nature of her disability and explain why such disability "so physically impaired [her] as to be unable after reasonable effort, to participate in an in person, telephonic, or internet briefing [as required]" prior to the date she filed for bankruptcy. **If the Debtor fails to show cause by the above deadline, the Court will dismiss this case without further notice.** If the

Debtor responds, the Court, in its discretion may conduct a further hearing on the disability issues as defined in Section 109(h)(4). The United States Trustee and/or the Subchapter V Trustee may also file an appropriate response if they so wish.

    DATED this 20th day of November, 2025.

                                              BY THE COURT:

                                             */s/ Thomas B. McNamara*
                                             Thomas B. McNamara
                                             United States Bankruptcy Judge