**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

SHERRY ANN MCGANN,

Debtor.

Bankruptcy Case No. 25-17604 TBM
Chapter 11

_____

**ORDER DISMISSING BANKRUPTCY CASE**
_____

### I.  Introduction.

The Debtor, Sherry Ann McGann (the "Debtor"), *pro se*, filed a voluntary Petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code[1] on November 19, 2025. (Docket No. 1.)  She did not pay the $1,738.00 filing fee required under 28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule.  Furthermore, she did not take the credit counseling course required by Section 109(h)(1).  For the reasons set forth below, the Court dismisses the Debtor's Chapter 11, Subchapter V bankruptcy case for two reasons: (a) the Debtor failed to pay the required  $1,738.00 filing fee required under 28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule; and (b) the Debtor is not eligible to be a bankruptcy debtor because she did not take a credit counseling course in compliance with Section 109(h)(1) prior to filing her Petition and did not prove an exception under Section 109(h)(4).

### II.  Procedural Background.

**A.  Procedural Background Regarding Failure to Pay Filing Fee.**

28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule together establish a $1,738.00 filing fee required for filing Chapter 11, Subchapter V bankruptcy cases.  The Debtor did not pay the mandatory filing fee.  Instead, she submitted an "Application for Individuals to Pay the Filing Fee in Installments." (Docket No. 4, the "Installment Application.")  As the title of the Installment Application suggests, the Debtor claimed that she was unable to pay the filing fee and asked that she be permitted to pay the filing fee in installments over time.

The Court considered the Installment Application and, on November 20, 2025, issued an "Order Denying Application to Pay Filing Fee in Installments." (Docket No. 10, the "Fee Order").  The Court determined, based on the Debtor's own filings in this bankruptcy case,

---

[1] All references to the "Bankruptcy Code" are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.  Unless otherwise indicated, all references to "Section" are to sections of the Bankruptcy Code.

1

that "the Debtor plainly has the financial wherewithal to pay the $1,738 filing fee for the Chapter 11 filing without the necessity of installments." (*Id.* at 1.) Among other things, the Court noted the following:

> (1) on her Summary of Assets and Liabilities, the Debtor states that she has $22,637,000 in assets . . .; (2) on her Schedule A/B, the Debtor states that she has $33,138 in 'deposits of money' . . .; and (3) on her Schedule I, the Debtor states that she is a "Mushroom Farmer" who has $11,300 in monthly income.

(*Id.*) Notwithstanding that the Court denied the Installment Application, the Court ordered:

> [T]he Debtor must pay the filing fee in full in the amount of $1,738.00 by no later than **December 1, 2025**, failing which this case will be dismissed without further notice.

(*Id.*) The Debtor elected not to comply with the Fee Order. She did not pay the required filing fee by December 1, 2025.

**B.      Procedural Background Regarding Failure to Take Credit Counseling Course.**

Per Section 109(h)(1), only a debtor who takes a credit counseling course before filing for bankruptcy protection (or who can establish an exception), is eligible to be a "debtor." On Part 5, Question 15 of the Petition, the Debtor checked the box stating:

> I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of competition.

Debtors who check this box are instructed by the petition (and required by Section 521(b)(1) and Fed. R. Bankr. P. 1007(c)(3)) to attach to the petition a copy of the certificate they receive after completing the credit counseling course. The Debtor did not attach a copy of the certificate of completion as mandated. Instead, she filed an addendum (Docket No. 1 at 10, the "Addendum") to the petition.

In the first paragraph of the Addendum, the Debtor "claim[s] exemption from the credit counseling requirement under Section 109(h), and in light of extraordinary and exigent circumstances." Thereafter, the Debtor set forth various reasons why she should be exempted from the requirement of Section 109(h)(1).

In particular, the Debtor asserted:

2

> I suffer from documented Post-Traumatic Stress Disorder (PTSD), physical disabilities, and related medical conditions that have been exacerbated by prolonged litigation. These impairments have affected my ability to participate in repetitive, burdensome tasks that serve no practical purpose. My condition has been formally disclosed to the court in multiple prior filings, including Bankr. Case No.20-18118 at Dkt. No. 365, and accommodations have been previously requested in related matters.

The Debtor also averred that she should be exempted from the credit counseling requirement because: (1) she has suffered "prolonged bankruptcy" abuse in a prior and pending bankruptcy case, *In re McGann*, Bankr. Case No. 20-18118 TBM (the "Chapter 7 Case"), and related matters; (2) she completed the credit counseling requirement in connection with the Chapter 7 Case and another bankruptcy case years ago; and (3) "while [she has] the technical ability to access credit counseling online or by phone," requiring her to complete the course for a third time would be unnecessary and abusive and would require her to incur additional costs.

The Addendum and the Debtor's failure to file a Certificate of Completion for the required credit counseling course under Section 109(h)(1) operate as an admission by the Debtor that she has not complied with Section 109(h)(1). Further, the Court construed the Addendum as an informal motion to determine that the Debtor is eligible to be a debtor notwithstanding her acknowledged failure to take the credit counseling course within 180 days before filing the petition initiating this bankruptcy case because the Debtor has a "disability" and "is so physically impaired as to be unable after reasonable effort, to participate in an in person, telephone, or Internet [credit counseling course]" per Section 109(h)(4).

Because the Addendum did not provide sufficient information and evidence of the Debtor's alleged "disability" and physical impairment so severe as to make her "unable to participate in the required credit counseling course in person, by telephone, or by use of the Internet," the Court issued an "Order to Show Cause Why This Case Should Not Be Dismissed Pursuant to 11 U.S.C. § 109(h)." (Docket No. 12, the "OSC.") In the OSC, the Court recited the requirements of Section 109(h)(1) as well as the physical impairment exception under Section 109(h)(4). Then, the Court ordered:

> [I]n an abundance of caution, and in order to give the Debtor notice and opportunity to be heard on the issue of whether she suffers a "disability" within the meaning of Section 109(h)(4) that would render her eligible to be a debtor in bankruptcy, the Court hereby
>
> ORDERS that the Debtor shall show cause, in writing, on or before **November 26, 2025,** why this case should not be dismissed pursuant to 11 U.S.C. § 109(h) on grounds of ineligibility. The Debtor should provide evidence, including documentation or affidavits, about the nature of her disability and explain why such disability "so physically impaired [her] as to be unable after reasonable effort, to participate in an in person, telephonic, or internet briefing [as required]" prior to the date she

3

> filed for bankruptcy. **If the Debtor fails to show cause by the above deadline, the Court will dismiss this case without further notice.** If the Debtor responds, the Court, in its discretion may conduct a further hearing on the disability issues as defined in Section 109(h)(4). The United States Trustee and/or the Subchapter V Trustee may also file an appropriate response if they so wish.

The Debtor failed to respond to the OSC. She did not provide any "evidence, including documentation or affidavits, about the nature of her disability and explain why such disability 'so physically impaired [her] as to be unable after reasonable effort, to participate in an in person, telephonic, or Internet briefing [as required]' prior to the date she filed for bankruptcy." So, she has effectively conceded dismissal.

### III.  Legal Conclusions.

**A.  The Bankruptcy Case Must Be Dismissed for Failure of the Debtor to Comply with the Fee Order and Pay the Filing Fee.**

28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule together establish a $1,738.00 filing fee required for filing Chapter 11, Subchapter V bankruptcy cases. The Debtor did not pay the mandatory filing fee when she filed the Petition. Instead, she submitted the Installment Application. The Court issued the Fee Order denying the Installment Application but ordered that "the Debtor must pay the filing fee in full in the amount of $1,738.00 by no later than December 1, 2025, failing which this case will be dismissed without further notice." The Debtor failed to comply with the Fee Order. She did not pay the required filing fee by December 1, 2025. So, the Bankruptcy Case must be dismissed.

**B.  The Bankruptcy Case Must Be Dismissed for Failure of the Debtor to Comply with the OSC and Failure to Take the Credit Counseling Course in the 180 Days Before the Petition.**

Under Section 109(h)(1), "*an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received* from an approved nonprofit budget and credit counseling agency described in section 111(a) *an individual or group briefing*." (Emphasis added.)

Section 109(h)(4) provides a narrow exception to the eligibility requirement of Section 109(h)(1). It states:

> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he

4

>is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

In enacting Section 109(h)(4), Congress did not empower the Court to exempt the Debtor from the credit counseling requirement on the basis of "exigent circumstances," nor because the Debtor took the course years prior in the Chapter 7 Case, nor because the compliance is costly. Further, the Debtor's wish not to take the mandatory credit counseling course (which all other debtors are required to take), is not grounds for an exception.

Instead, the Section 109(h)(4) exception is narrow. The Debtor must meet her burden to establish that she has a "disability" and the Debtor "is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." 11 U.S.C. § 109(h)(4). The Debtor plainly did not meet her burden. She did not comply with the OSC. She did not "provide evidence, including documentation or affidavits, about the nature of her disability and explain why such disability 'so physically impaired [her] as to be unable after reasonable effort, to participate in an in person, telephonic, or internet briefing [as required]" prior to the date she filed for bankruptcy.'" (Docket No. 12.)

And, the Court also observes from its first-hand experience in the Chapter 7 Case that the Debtor has regularly participated in person or by telephone in dozens of hearings and trials over multiple years. The Debtor also has regularly utilized the Internet to file a plethora of documents in the Chapter 7 Case over multiple years. Thus, the Debtor's actions in the Chapter 7 Case negate any suggestion that she "is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." 11 U.S.C. § 109(h)(4).

Accordingly, given the Debtor's noncompliance with Section 109(h)(1) and the failure to prove an exception under Section 109(h)(4), dismissal is mandatory. *Hedquist v. Fokkena (In re Hedquist)*, 342 B.R. 295, 300-01 (9th Cir. BAP 2006) (" [T]he new requirements in section 109(h) can, in some circumstances create harsh results. But because those requirements are mandatory, bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions. Because the Debtors in this case did not file a correct certification, and did not meet any of the other exceptions to section 109(h), the Bankruptcy Court had no choice but to dismiss the case."); *In re Borges*, 440 B.R. 551, 556 (Bankr. D.N.M. 2010) ("A rigid application of the credit counseling requirement is thereby consistent with the intent to create a carefully delineated barrier to entry that protects both debtors and creditors . . . . Therefore, when an individual neither complies with the credit counseling requirement nor qualifies for a temporary exemption or waiver, the Court is left with no discretion not to dismiss a bankruptcy case because the individual has not taken the requisite steps to become a debtor."); *In re Crawford,* 420 B.R. 833, 839 (Bankr. D.N.M. 2009) ("Since Section 109(h) provides that an individual who does not comply with that section "may not be a debtor under this title," the only way to give meaning to 11 U.S.C. § 109(h) is to dismiss the case or treat it as though it

never existed.  Allowing this case to proceed would be inconsistent with the plain meaning of Section 109(h).").  The Debtor is not eligible to be a debtor in the bankruptcy case and the case must be dismissed.

## IV. Conclusions and Order.

For the reasons set forth above, the Court hereby DISMISSES this Chapter 11, Subchapter V bankruptcy case, effective immediately.

DATED this 2nd day of December, 2025.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara
United States Bankruptcy Judge

6